IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TRANSLOGIC TECHNOLOGY, INC., )
                                   )
         Plaintiff,            )     CV 99-407-PA
                                   )
    v.                            )
                                   )
HITACHI AMERICA, LTD.,        )     ORDER
                                   )     April 29, 2005
         Defendant.        )

Having reviewed numerous exhibits and recalling the testimony at the previous trial, I have determined that any evidence at the meetings on February 28, 1997, and October 13, 1997 is relevant only as follows:

1.     Discussions with respect to the nature of the proposed license as exclusive or non-exclusive;

2.     Other details discussed with respect to the nature of the proposed license;

3.     Duration of the patent;

4.     The term of the license;

1 - ORDER

5.  The utility and advantages of the patent property over the old modes or devices;

6.  The nature of the patent invention, and the character of the commercial embodiment;

7.  The extent to which the infringer has made use of the invention, and any evidence probative of the value of that use; and

8.  The amount that the parties discussed as a royalty.

Defendants may introduce evidence that any counter-offer, or failure to make an offer, was related to concerns about the validity of the patent at the time of the negotiation. However, further evidence about the defendants' reasons for believing the patent to be invalid will not be permitted.

I am satisfied that based upon this ruling the parties have the opportunity to present evidence relevant to the factors set forth in Georgia Pacific Corp. v. United States Plywood Corp., 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970), modified, 446 F.2d 295 (2d Cir. 1971).

DATED this *28* day of *April*, 2005.

*Owen M Panner*
OWEN M. PANNER
U.S. DISTRICT JUDGE