IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| TRANSLOGIC TECHNOLOGY, INC., | ) |
| | ) |
| | ) Civ. No. 99-407-PA |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| HITACHI, LTD., HITACHI AMERICA, | ) OPINION AND ORDER |
| LTD., and RENESAS TECHNOLOGY | ) |
| AMERICA, INC., | ) |
| | ) |
| Defendants. | ) |
| | ) |

JEFFREY STEWART LOVE
JARED S. GOFF
JOHN D. VANDENBERG
Klarquist Sparkman, LLP
One World Trade Center
121 S.W. Salmon Street
Suite 1600
Portland, OR  97204-2988

    Attorneys for Plaintiff

DAVID AXELROD
Schwabe Williamson & Wyatt, P.C.
Pacwest Center, Suite 1600-1800
1211 S.W. Fifth Avenue
Portland, OR  97204-3795

1 - OPINION AND ORDER

Nathan Lane III
David S. Elkins
Jose L. Martin
Squire, Sanders & Dempsey L.L.P.
One Maritime Plaza, Third Floor
San Francisco, California 94111-3492

    Attorneys for Defendants

**PANNER, J.**

Plaintiff Translogic Technology, Inc. brings this action for infringement of U.S. Patent No. 5,162,666 (the '666 Patent), for multiplexers used in microprocessors. The defendants are Hitachi Ltd., Hitachi America, Ltd., and Renesas Technology America, Inc.

In the first trial, the jury found that claims 16 and 17 of the '666 Patent were not anticipated, and this court found that the claims were not obvious. In the second trial, the jury found that defendants had infringed claims 16 and 17; that Hitachi, Ltd. had induced infringement; and that plaintiff was entitled to $86.5 million in damages.

Defendants now move a new trial and to stay enforcement of the judgment pending appeal. I deny the motions.

## I. Defendants' Motion for a New Trial

Plaintiff contends that defendants waived the errors now cited in defendants' motion for a new trial. I conclude, however, that defendants adequately raised the alleged errors during the trial.

2 - OPINION AND ORDER

A. **Standards**

The court may grant a motion for a new trial if the jury's verdict is contrary to the clear weight of the evidence, if the verdict is based on false evidence, or if there would otherwise be a miscarriage of justice. See Roy v. Volkswagen of America, Inc., 896 F.2d 1174, 1176 (9th Cir.), as amended by 920 F.2d 618 (9th Cir. 1990). "While the trial court may weigh the evidence and credibility of the witnesses, the court is not justified in granting a new trial 'merely because it might have come to a different result from that reached by the jury.'" Id. (quoting Wilhelm v. Associated Container Transp. (Australia) Ltd., 648 F.2d 1197, 1198 (9th Cir. 1981)). The district court has discretion in deciding whether to grant a new trial. Unocal Corp. v. United States, 222 F.3d 528, 534 (9th Cir. 2000).

B. **Discussion**

   **1. Admission of Licensing Negotiations**

Defendants contend that this court improperly allowed plaintiff to present evidence of settlement negotiations between the parties, violating Federal Rule of Evidence 408. Plaintiff presented evidence that it had offered to license its patent to defendants for three years for $40 million, plus defendants' agreement to help plaintiff market its technology. Defendants contend that the jury must have relied on this evidence in calculating damages.

3 - OPINION AND ORDER

Plaintiff argues that the evidence was properly admitted because the parties were engaged in license negotiations, not settlement discussions. Plaintiff states that the discussions were forward-looking.

This has been an on-going dispute in this litigation. I ruled as follows after the first trial on validity:

> Defendants object to admission of the inventor's notes on a 1997 meeting with defendants' representatives, contending that these notes are inadmissible under Federal Rule of Evidence 408. Rule 408 generally excludes "[e]vidence of conduct or statements made in compromise negotiations."
>
> Defendants cite an August 1997 letter to defendants from Marvin Bush, who was then plaintiff's president, stating that one purpose of the February 1997 meeting was to "inform Hitachi" of alleged infringement of plaintiff's '666 Patent.
>
> I agree with plaintiff that the inventor's notes of the meeting with defendants were admissible because plaintiff had not yet made a claim of infringement at that time. See Deere & Co. v. International Harvester Co., 710 F.2d 1551, 1557 (Fed. Cir. 1983) (exclusion of evidence under Rule 408 limited to "actual disputes over existing claims"; party's offer to license patent admissible because no accompanying charge of infringement). Cf. Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc., 148 F.3d 1355, 1361 (Fed. Cir. 1998).
>
> Defendants also argue that the inventor's notes were inadmissible hearsay. However, the inventor took the notes in the regular course of business, and statements by defendants' representatives are admissible as the admissions by a party opponent. Even if the notes themselves were not admissible, admission of the notes was harmless because the inventor was entitled to testify about statements he had heard.

I adhere to my prior rulings and conclude that evidence of

4 - OPINION AND ORDER

the parties' license negotiations was admissible.

### 2. Excessive Damages

Defendants contend that the award of damages was excessive. When a party seeks a new trial on the amount of damages, the trial court "determines whether the jury's verdict is against the clear or great weight of the evidence." <u>Unisplay v. American Elec. Sign Co.</u>, 69 F.3d 512, 517 (Fed. Cir. 1995) (quotation marks and citation omitted).

Defendants contend that the award is not supported by substantial evidence; is grossly excessive in light of defendants' profits and sales, and the amount plaintiff obtained from its only license; and is based only on speculation and guesswork.

Plaintiff responds that the inventor Tran's testimony on the amount of a reasonable royalty is sufficient to support the amount of damages. Plaintiff contends that Tran is qualified to testify on the amount of a reasonable royalty.

Defendants contend that Tran had no evidence to support his royalty figures, such as whether a reasonable "seat license" for each engineer would reasonably be valued at $70,000, or whether a company the size of Hitachi, Ltd., would require 200 engineers to be licensed.

Plaintiff also argues that it presented other evidence supports the jury's damages award, such as evidence that redesign

5 - OPINION AND ORDER

costs would have been in the hundreds of millions of dollars, and that the infringing microprocessors were "flagship products" worth a great deal to defendants.

I have carefully examined all of the evidence regarding damages. I conclude that the jury's award of damages was not against the great weight of the evidence.

### 3. Lost Profits

Defendants contend that this court improperly allowed plaintiff to assert claims for lost profits, damages suffered because defendants contested validity, and damages for Dr. Yano's publication of technical papers.

Plaintiff responds that it did not seek lost profits. Lost profits are not mentioned in the verdict form, and plaintiff states that it did not argue for lost profits. Plaintiff states that it had a valid reason to introduce evidence that defendants contested the patent: to show that the Intel would have paid more for its license with plaintiff but for Intel's knowledge that defendants were contesting the validity of plaintiff's patent.

I agree with plaintiff that it did not seek lost profits, and that it was not improper for plaintiff to present evidence that defendants are challenging the validity of the patent.

### 4. Exclusion of Reexamination Proceedings

Defendants contend that this court erred in excluding

6 - OPINION AND ORDER

evidence of the reexamination proceedings. Defendants contend that plaintiff was able to imply at trial that defendants had willfully infringed the patent (despite this court's ruling to the contrary) because defendants could not cite the reexamination proceedings as evidence that defendants reasonably believed the patent was invalid.

This has been another ongoing dispute. This court has excluded evidence of the reexamination proceedings to prevent jury confusion and undue delay. I adhere to my prior rulings. Even if the rulings were wrong, excluding evidence of the reexamination proceedings does not justify a new trial.

### 5. Exclusion of Intel Witness O'Hara

Defendants contend that this court erred in excluding testimony of Randy O'Hara, who was employed by Intel during Intel's licensing negotiations with plaintiff. Defendants argue that O'Hara would have testified that (1) the dispute between plaintiff and defendants had no effect on Intel's licensing negotiations with plaintiff, and (2) Intel did not know of any use of the subject matter licensed from plaintiff. When asked whether the dispute between plaintiff and defendants affected Intel's negotiations with plaintiff, O'Hara, who helped negotiate for Intel, stated, "I don't think so." Defendants contend that this answer meant "No," rather than showing that O'Hara had no personal knowledge of the issue.

7 - OPINION AND ORDER

I agree with plaintiff that O'Hara's excluded testimony indicated that he had no personal knowledge of the subjects raised. Even if it was error to exclude this testimony, such an error would not justify a new trial.

### 6. Disparate Treatment of Witnesses and Counsel

Defendants contend that this court favored plaintiff's witnesses and counsel over defendants' witnesses and counsel. Defendants argue that this court precluded them from presenting testimony rebutting evidence on the reasonableness of plaintiff's 1997 royalty offer, while allowing Tran to testify on matters outside his witness statement. Defendants complain that this court limited their witnesses' testimony based on witness statements, which implied to the jury that defendants were acting improperly.

Defendants have not shown that I improperly favored plaintiff during the trial. Defendants' perception of unfairness may be related to their lack of success at trial.

### 7. Failure to Give Requested Jury Instructions

Defendants contend that this court erred by failing to give four jury instructions requested by defendants.

#### a. Standards

Jury instructions must fairly and sufficiently address the issues, state the law accurately, and must not mislead the jury. Duran v. City of Maywood, 221 F.3d 1127, 1130 (9th Cir. 2000).

8 - OPINION AND ORDER

In evaluating jury instructions, the court should consider the instructions as a whole. <u>Guebara v. Allstate Ins. Co.</u>, 237 F.3d 987, 992 (9th Cir. 2001).

### b. Instruction No. 4: Infringement Not Willful

Defendants' requested instruction no. 4 stated that the court had determined that any infringement by defendants was not willful because defendants had a reasonable belief that the patent was invalid, and that willfulness was not an issue for trial. Defendants contend that the failure to give this instruction left the jury with the impression that defendants had no reason to assert invalidity, and that defendants unreasonably rejected the license offered by plaintiff.

Failure to give the instruction was not error. I did not want to confuse the jury by raising the issue of willfulness. The proposed instruction itself says willfulness is not an issue.

### c. Instruction No. 28: Infringing Circuitry Is Basis for Consumer Demand

Defendants sought an instruction that the infringing circuitry must be the basis for consumer demand to justify plaintiff's recovery of damages for the entire market value of the microprocessor. I rejected this instruction as a comment on the evidence.

The jury was sufficiently instructed on damages. This court correctly instructed the jury that one royalty factor is the portion of profit arising from the patented invention, as opposed

9 - OPINION AND ORDER

to profit arising from features unrelated to the patented invention, such as the manufacturing process, business risks, or significant features or improvements added by the infringer. This sufficiently covers the issue.

### d. Instruction No. 23: Parties Deemed to Know Nature and Extent of Infringement

Defendants contend that this court should have given their proposed instruction that at the time of the hypothetical licensing negotiations, defendants should be presumed to know "the nature and extent of Hitachi's use of the invention and the level of sales and profits that Hitachi would make using the invention."

I instructed the jury to consider "[t]he extent to which the accused infringer has made use of the invention." This instruction adequately covers the issue.

### e. Instruction No. 27: Non-Infringing Alternatives

Defendants contend that this court erred in failing to give their proposed instruction on whether non-infringing substitutes were available at the time of the hypothetical negotiations. I did instruct the jury to consider "[t]he utility and advantages of the patented invention over the old modes or devices, if any, that had been used for achieving similar results." The jury instructions as given sufficiently covered the issue.

10- OPINION AND ORDER

## II. Defendants' Motion to Stay Judgment Pending Appeal

Defendants move under Federal Rule of Civil Procedure 62(d) for a stay of enforcement of the judgment. Defendants' motion includes three alternate requests:

(1) to relieve defendants of any requirement to post security for the judgment pending appeal;

(2) if the first alternate is denied, to condition denial on plaintiff's posting an undertaking that assures defendants that plaintiff can pay the costs of posting security if costs are awarded to defendants on appeal; and

(3) if both alternates (1) and (2) are denied, to stay enforcement while defendants file an appeal from that denial with the Federal Circuit and, if that appeal is denied, to stay for the time needed to obtain and deliver a letter of credit securing payment of the judgment and interest.

Plaintiff opposes the motion.

### A. Background

On December 13, 2005, this court entered a judgment against defendants for $86.5 million in damages, and more than $18 million in prejudgment interest. Defendants state that posting security would cost them $1.5 million if the appeal takes 2.5 years.

In lieu of posting security, defendants offered to provide plaintiff with a written promise of prompt payment after all appeals expire. Plaintiff rejected this offer, stating that it would accept a payment of $250,000 "to offset its added risks and expenses," along with an adequate assurance of prompt, full payment of judgment. Negotiations were not successful and

11- OPINION AND ORDER

defendants filed this motion.

**B.  Discussion**

Federal Rule of Civil Procedure 62(d) provides:

> When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule. The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court.

An appellant may also obtain a stay by providing alternative security to the judgment creditor, subject to the court's approval. See International Telemeter Corp. v. Hamlin Int'l Corp., 754 F.2d 1492, 1495 (9th Cir. 1985). Rule 62(d)

> is largely a procedural mechanism to preserve the status quo of the parties during the pendency of the appeal; its primary purpose is to protect the prevailing plaintiff from the risk of a later uncollectible judgment and compensate the plaintiff for delay in the entry of final judgment. Bass v. First Pac. Networks, Inc., 219 F.3d 1052, 1055 (9th Cir. 2000) (citations omitted). In that respect, the court has wide discretion in setting the appropriate bond or alternative security. The court is to be guided by general equitable principles, with the overarching purpose being to safeguard the judgment creditors as completely as possible without irreparably injuring the judgment debtors. Texaco, Inc. v. Pennzoil Co., 784 F.2d 1133, 1155 (2d Cir. 1986) [rev'd, 481 U.S. 1 (1987)].

LPP Mortg. Ltd. v. Gardner, Civ. No. 02-1331-AS, 2005 WL 2078339, *1 (D. Or. Aug. 16, 2005).

Here, defendants cite a Seventh Circuit opinion, Dillon v. City of Chicago, 866 F.2d 902, 904-05 (7th Cir. 1988), for five factors courts should consider in deciding whether to require

12- OPINION AND ORDER

security:

(1) the complexity of the collections process;

(2) the time required to obtain a judgment after it is affirmed on appeal;

(3) the degree of confidence the court has in the availability of funds to pay the judgment;

(4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and

(5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors in an insecure position.

(Plaintiff notes that the Ninth Circuit has not adopted these factors.) Defendants' main argument is that their ability to pay the judgment should be beyond dispute. Defendants state that Hitachi Ltd. has more than $95 billion in assets, including $7 billion in cash and cash equivalents, revenues of $90 billion per year, and stockholders' equity of about $20 billion.

Plaintiff responds that recent corporate collapses have shown that size is no guarantee of solvency. Plaintiff also states that defendants have fought every step of this litigation, so it expects defendants to fight enforcement of the judgment as well. Plaintiff contends that a "bare 'promise'" from defendants is insufficient given the size of the judgment.

I see no reason to depart from the usual practice of requiring a bond pending appeal. Defendants' size does not justify departing from this practice.

Regarding the second alternate motion, I agree with

13- OPINION AND ORDER

plaintiff that neither plaintiff nor non-parties such as Tran should be required to post a bond to cover the costs of defendants' supersedeas bond. Defendants cite no precedent for requiring that an appellee post a bond.

In defendants' third alternate motion, they request that this court stay the bond requirement while they appeal to the Federal Circuit. I deny the request. Defendants are free to seek a stay with the appellate court.

## CONCLUSION

Defendants' motions for a new trial (#846) and to stay the judgment pending appeal (#843) are denied.

DATED this 5 day of April, 2006.

*(signature)*
OWEN M. PANNER
U.S. DISTRICT JUDGE